UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DAVID J. ROBINSON, )
)
    Plaintiff )
)
v. ) No. 2:11-cv-56-JHR
)
JO MILLER and HERBERT MILLER, )
)
    Defendants )

## MEMORANDUM DECISION ON MOTION UNDER RULE 35

The plaintiff seeks an order under Fed. R. Civ. P. 35(a) requiring Defendant Herbert Miller to undergo physical and mental examination by a physician of the plaintiff's choice. Plaintiff's Motion Pursuant to F.R.Civ.P. 35 for Order Directing Defendant Herbert A. Miller to Su[bm]it to Physical and Mental Examination ("Motion") (Docket No. 28). I deny the motion.

Rule 35(a) provides, in relevant part:

> (1) *In general*. The court where the action is pending may order a party whose mental or physical condition – including blood group – is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .
>
> (2) *Motion and Notice; Contents of the Order.* The order:
> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
> (B) Must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

In the instant case, the plaintiff has identified the physician who would perform the examination that he seeks. Docket No. 28-1. However, his unsupported assertion that he has demonstrated good cause and, therefore, is entitled to the order that he wants is incorrect.[1]

As his "good cause," the plaintiff proffers the following assertions: Herbert Miller's "physical health and mental acuity are in controversy" due to the plaintiff's allegations and "recently produced discovery which depict[s] curious and troubling circumstances surrounding an overhaul of Mr. Miller's estate plan at a very advanced age and at a time when witnesses and his medical records portray a frail, infirm and confused man"; Jo Miller commented in August 2006 about the number of times that Herbert Miller "doesn't know who anyone is"; Herbert Miller's medical records from July 2010, when the decision to discharge the plaintiff was made, "belie[] any ability on Mr. Miller's part to make such a decision"; Herbert Miller executed estate planning documents "as recently as January 12, 2011, a mere two months before his own attorneys were unable to communicate with him"; the defendants "intend to rely . . . upon observations and opinions of a California physician and attorney regarding Mr. Miller's health and mental acuity between 2008 and 2010"; "an examination of Mr. Miller's current status will assist a qualified physician in formulating an opinion about the state of his health at times material to the allegations"; and "the combination of a current medical examination of Mr. Miller and full disclosure of his medical records will be required to allow the Plaintiff's designated physician to offer an opinion on Mr. Miller's likely physical health and mental acuity at times material to the Amended Complaint." Motion at 6-8.

---

[1] Nor does the plaintiff specify the time, place, manner, conditions, or scope of the proposed examination. *See, e.g., Marroni v. Matey*, 82 F.R.D. 371, 372 (E.D. Pa. 1979); Fed. R. Civ. P. 35(a)(2)(B).

I do not agree with the plaintiff that Herbert Miller's execution of estate planning documents in January 2011, well after the events giving rise to the amended complaint, whatever his then physical or mental condition, "cast[s] serious doubts on the *bona fides* of similar representations about his claimed volitional actions made earlier." *Id*. at 6. In any event, the plaintiff provides no medical support for this assertion, which should be readily available via affidavit from his designated expert physician. As it stands, the assertion does not state a principle of common knowledge.

The same is true of the assertions that a medical examination is "required" to allow the designated physician to reach conclusions about Herbert Miller's health and mental acuity at relevant times in the past, or that it will "assist" the physician in doing so. *Id*. at 7. These assertions require support in the form of an affidavit from the physician; an attorney's *ipse dixit* does not suffice.

The remaining assertions, taken alone or together, do not establish the necessary good cause. The plaintiff has made no showing that the information he seeks cannot be obtained by other discovery techniques, *Marroni*, 82 F.R.D. at 372; indeed, his motion demonstrates that he has already obtained much medical information about Herbert Miller's mental and physical condition at the relevant times. In his reply memorandum, the plaintiff asserts that "the medical records received to date are far from complete and there are certain providers for whom only partial records, or no records at all, have been received." Plaintiff's Reply to Defendants' Response to Motion for Order Directing Defendant Herbert A. Miller to Su[b]mit to Physical and Mental Examination ("Reply") (Docket No. 32) at 2. The remedy for such an alleged discovery violation is not an order for a physical examination; under this court's local rules, following a

meet-and-confer discovery conference by counsel, the plaintiff may approach the court for an order compelling the production of the missing requested records. *See* Local Rule 26(b).

The party seeking an order for a medical examination of an opposing party "must first show that the desired information cannot be obtained by other means." *Valita M. v. City of Chicago*, No. 83 C 3745, 1986 WL 8736, at *2 (N.D. Ill. Aug. 1, 1986). Here, as was the case in *Valita*, the plaintiff "has made no showing of why [existing discovery] cannot be evaluated by [the plaintiff's expert] as a means of preparing a defense to the testimony [of witnesses for the defendants]. The court recognizes that this alternative to an independent evaluation by [the plaintiff's expert] may be insufficient. But the [plaintiff] has the burden of producing evidence to satisfy the court that the mental examination is necessary and that the desired information cannot be otherwise obtained." *Id*.

Similarly, "[t]he 'good cause' requirement is satisfied, in part, by a showing that the requested information cannot be obtained by other means. It also appears to require a showing that, in a particular case, there is some reason for the examination other than the fact that a party's mental or physical condition is at issue, such as a reasonably-based belief that the examination will reveal information about that condition which is adverse to conclusions reached by other examining physicians." *Young v. City of Cambridge*, No. 2:09-cv-00038, 2010 WL 546361, at *1 (S.D. Ohio, Feb. 10, 2010) (citations omitted). Particularly where, as here, Herbert Miller has done nothing to place his condition at issue, the plaintiff must be held to this standard before the court will exercise its discretion to order such an invasive examination.

The plaintiff's motion does not meet this standard. Accordingly, it is **DENIED**.

Dated this 7th day of July, 2011.

                                            /s/ John H. Rich III
                                            John H. Rich III
                                            United States Magistrate Judge