| | | |
|---|---|---|
| *DAVID J. ROBINSON,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:11-cv-56-JHR* |
| | ) | |
| *JO MILLER,* | ) | |
| | ) | |
| *Defendant* | ) | |

**ORDER ON MOTION TO STRIKE DEFENDANT'S SUMMARY JUDGMENT MOTION**

The plaintiff moves to strike the defendant's motion for summary judgment, Plaintiff's Motion to Strike Defendants'[1] Summary Judgment Motion in its Entirety or, in the Alternative, for Sanctions and Other Relief ("Motion") (Docket No. 87), on the grounds that the motion's accompanying statement of material facts violates Local Rule 56 and the order of Judge Kravchuk of this court that the statement of material facts be "reasonable" and not contain "every fact revealed through the extensive discovery process." Docket No. 72. I deny the motion and grant the parties the requested extensions of the deadlines for the filing of their respective opposition and reply.

The statement of material facts that accompanies the defendant's motion contains 213 paragraphs, in 36 pages. Docket No. 76. Some of the paragraphs are lengthy and contain several distinct facts. Local Rule 56(b) requires the statement of material facts supporting a motion for summary judgment to be "separate, short, and concise." The plaintiff contends that the

---

[1] One of the original two defendants in this action, Herbert Miller, has died.

defendant's statement constitutes a "flagrant" and "breathtaking" violation of Judge Kravchuk's order and imposes "undue burden and expense" on the plaintiff, who must respond to each factual assertion. Motion at 1, 2.

The defendant responds that the plaintiff has filed a motion that is "procedurally prohibited and borderline frivolous." Defendant's Response to Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment ("Response") (Docket No. 89) at 1. The plaintiff's motion is neither, although it is hardly a model of restraint. In addition, even the section of the opinion in *Randall v. Potter*, 366 F.Supp.2d 120, 121 n.1 (D. Me. 2005), cited by the defendant, Response at 1-2, demonstrates that a motion to strike an entire statement of material facts is not "procedurally prohibited."

While the defendant's statement of material facts could undoubtedly have been made more "short and concise," it is only the most egregious of transgressions that justify complete rejection by this court, *see, e.g., Learnard v. Inhabitants of the Town of Van Buren*, 182 F.Supp.2d 115, 119-20 (D. Me. 2002), and the statement of material facts submitted by the defendant in this case does not meet that standard. Counsel for the plaintiff and the court will undoubtedly have to devote more time to the motion than might have been the case had counsel for the defendant been more succinct, but that fact does not justify the imposition of sanctions.

The plaintiff's request to extend the deadline for his response to the motion by two weeks, to November 17, 2011, is granted, as is his request for a limit of 25 pages for his opposing memorandum of law.

The defendant's request for sanctions, Response at 2, is denied. Her request for an extension by four days of the deadline for her reply, to December 5, 2011, is granted.

Counsel for both parties are advised that the overheated rhetoric employed in the motion at issue and the response is of no assistance to the court, and its use is best avoided as this case moves forward.

Dated this 28th day of October, 2011.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge